IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ODYSSEY CONTRACTING CORP., <br><br> Appellant, <br><br> L&L PAINTING CO., INC. and FEDERAL INSURANCE COMPANY <br><br> Appellees. | Civil Division <br><br> Case No. 18-00458 |

**REPLY MEMORANDUM OF LAW BY PLAINTIFF L&L PAINTING CO., INC. AND COUNTERCLAIM-DEFENDANT FEDERAL INSURANCE COMPANY**

**PRELIMINARY STATEMENT**

This Memorandum of Law is respectfully submitted on behalf of Appellees L&L Painting Co., Inc. and Federal Insurance Company (collectively, "L&L") in reply to the opposition on behalf of Appellant Odyssey Contracting Corp. ("Odyssey") to L&L's motion to dismiss this appeal and for related relief.

**ARGUMENT**

**A. Odyssey's "Waiver Of Appeal" Argument**

By its opposing papers, Odyssey characterizes the issue as whether, under the parties' September 13, 2017 pre-trial Stipulation (the "Stipulation"), it waived its right to appeal the Bankruptcy Court's findings after trial and the March 20, 2018 Order (the "Order"). Odyssey argues that it did not waive its appellate rights under the Stipulation. However, Odyssey's characterization of the issue is a misnomer, and its argument is misplaced.

Rather, as L&L's moving papers make clear, the issue is whether by filing its notice of appeal on April 3, 2018, Odyssey may bootstrap itself into the position of not having to comply with (i) the Stipulation requiring that the adversary proceeding be "finally concluded in all respects" and all claims withdrawn and finally released and (ii) the Bankruptcy Court's March 20, 2018 Order directing the parties to "resolve the … adversary proceeding … in compliance with the Stipulation …." (Document Nos. 162, 208)

Contrary to Odyssey's understanding, the argument that under the Stipulation, it has the right to appeal the Bankruptcy Court's Order does not create a collateral right for it to disregard the Order (or the Stipulation) -- particularly since procedures were available for Odyssey to resolve any issues it might have concerning its appellate rights without disregarding the Order.

By portraying the issue as one principally concerning a "waiver" of its appeal rights, Odyssey seeks to shift the analysis away from multiple key points presented by L&L which

firmly establish Odyssey's obligation to comply with the Order, but which Odyssey is unable to address. Odyssey fails to respond to the point that its counsel knowingly and voluntarily entered into the Stipulation providing for the final disposition of the adversary proceeding if it was found to be the breaching party.  Odyssey also fails to respond to the points that it is bound by Federal Rules 16(e) and 60(b) to comply with the Stipulation and the Order; that it failed to seek relief from the Stipulation and the Order in the Bankruptcy Court; and that the Bankruptcy Court, the court of first instance, is the proper forum to enforce the Order and determine the status of Odyssey's claims thereunder.[1]

Odyssey also fails to explain why it should be allowed to proceed to an appeal on the merits when there remains an unresolved threshold question whether the claims which are the subject of the appeal even exist – a dispositive question which Odyssey does not even mention.

The "waiver of appeal" issue is a deflection from the actual ground for enforcing the Stipulation and the Bankruptcy Court's Order – namely, Odyssey's *contractual* commitment to withdraw and release its claims if found to be the breaching party.  Under the terms of the Stipulation and the Bankruptcy Court's Order, Odyssey is contractually bound to provide a final release of its claims, and it does not take issue with the Stipulation or its unambiguous language on a contractual level.  *See Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 278 (3d Cir. 2002) (stipulation was a "binding agreement"); *Erie Telecommunications, Inc. v. City of Erie*, 853 F.2d 1084, 1097 (3d Cir. 1988) (enforcing the parties' stipulation based on the "*contractual* effect of

---

[1] Odyssey's questioning of how Rules 16(e) and 60(b) might be "somehow implicated" in L&L's motion is telling. These Rules and the case law thereunder --not Odyssey's notice of appeal -- govern whether Odyssey may be relieved from the pre-trial Stipulation and the Bankruptcy Court's post-trial Order.  *See* Odyssey's Response In Opposition To Motion To Dismiss, p. 2; Odyssey's Memorandum In Opposition, p. 8.

the release"; and the release "was obviously meant to put an end to all disputes …." (emphasis in original).

Stated another way, the appeal should be dismissed because it is the release that Odyssey agreed to provide that bars any further proceedings; and Odyssey's obligation to provide L&L with a duly executed release is fully enforceable without regard to imported questions concerning appeal rights. *See Mannke v. Benjamin Moore & Co.,* 375 F.2d 281, 285 (3d Cir. 1967) ("a valid release is an absolute bar to recovery for everything included in the release, and it can only be set aside as any contract …."); *Simmons v. Parkette National Gymnastic Training Center*, 670 F. Supp. 140, 142 (E.D. Pa. 1987) (same); *Erie Telecommunications, supra*, 853 F.2d at 1097-98 (citing cases).

Odyssey should not be permitted to disregard the Stipulation based on the false premise that it may pursue an appeal in a proceeding that it voluntarily agreed to release and close out, and is now under a court order to release and close out.

### B. Odyssey's Related Arguments

Odyssey also argues that for purposes of filing its appeal, the Bankruptcy Court's Order is "final." (Odyssey Memorandum, 6-8) However, even if, *arguendo,* correct, this does not mean that the adversary proceeding is final or concluded in the sense that Odyssey is no longer required to comply with the said Order. This is particularly true since Bankruptcy Rule 8007 provides that where an appeal to the district court is pending, matters in the Bankruptcy Court generally may continue and will be stayed only under certain strict conditions.[2]

---

[2] *See* Bankruptcy Rule 8007 (a) and (b) (a stay of bankruptcy proceedings, while an appeal to the district court is pending, must first be sought from the bankruptcy court and then from the district court stating why the application was denied by the bankruptcy court).

3

In other words, the "finality" of the Bankruptcy Court's Order for purposes of determining the time within which an appeal may be filed has no connection with, and provides no justification for, Odyssey's non-compliance with the Order; and also likely explains why Odyssey did not seek a stay of the Order.

As a separate point, Odyssey argues that unlike a "consent judgment" type of settlement, settlement agreements which establish "'a mechanism pursuant to which the district court will resolve claims'" do not waive a party's appellate rights unless the waiver is expressly stated; and that the instant proceeding is within this latter class of settlements that require an express waiver of the right to appeal. (Odyssey Memorandum, pp. 5-6, *inter alia* citing *In re Deepwater Horizon*, 785 F.3d 986, 997 (5th Cir. 2015)) However, in addition to the errors discussed above, this portion of Odyssey's argument also is in error.

First, in this proceeding there was no "mechanism pursuant to which the … [Bankruptcy Court] will resolve claims" because the Bankruptcy Court was not intended to resolve any claims; rather, under the Stipulation, the parties themselves were to resolve all claims. Thus, Judge Böhm's Memorandum Opinion and the March 20, 2018 Order respectively state: "[t]he parties … shall resolve this adversary proceeding… in accordance with the Stipulation …"; and "[t]he parties are directed to resolve the above-captioned adversary proceeding ... in compliance with the Stipulation …." (Document Nos. 207, 41-42; 208, ¶ 1)

And under the Stipulation, all the remaining, bifurcated claims were disposed of by consent of the parties and not by the court – e.g., L&L's damages for Odyssey's breach; Odyssey's alleged damages and lost profit claims; Odyssey's claims for alleged conversion of equipment and insurance premium rebates. (Document No. 162, ¶ 3)

4

*Deepwater Horizon*, a complex class action which arose from the 2010 BP oil spill in the Gulf of Mexico, and which involved continuing and detailed supervision of the settlement agreement, is not analogous with the self-executing Stipulation in this proceeding after the initial finding against Odyssey. 785 F.3d at 989-91.  Compare *Gatto v. C.I.R.,* 1 F.3d 826, 827-28 (9th Cir. 1993) (where the stipulated mechanism for the court's resolution of a taxpayer dispute was the outcome of a related tax case, "[a]n explicit waiver of appeal rights is not necessary" to bar the appeal).  Odyssey's arguments are not responsive to the motion and are without merit.

L&L believes that Odyssey's discussion of the alleged merit of its appeal at pp. 9 et. seq. of its Memorandum is not material to this motion and thus does not address that discussion.

## CONCLUSION

Odyssey's appeal should be dismissed and this matter remanded to the Bankruptcy Court.

Dated: May 22, 2018

Respectfully submitted,

Allen J. Ross (NY ID No. 1529072)
*Admitted Pro Hac Vice*
Charles Fastenberg (NY ID No. 1345180)
*Admitted Pro Hac Vice*
Jose A. Aquino (NY ID No. 2578037)
*Admitted Pro Hac Vice*
Duane Morris LLP
1540 Broadway
New York, NY 10036-4086
Office: (212) 692-1000
Fax: (212) 692-1020
Email: ajross@duanemorris.com
Email: cfastenberg@duanemorris.com
Email: jaaquino@duanemorris.com

*/s/* Jessica Priselac
Jessica Priselac
Pa. I.D. No. 208524
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Office: (215) 979-1159
Fax:     (215) 827-5486
Email: JPriselac@duanemorris.com

*Counsel for L&L Painting Co., Inc. and Federal Insurance Company*